## The Inhabitants of SOUTHBOROUGH *versus* The Inhabitants of MARLBOROUGH.

In order to gain a settlement in the fifth mode described in *St.* 1793, *c.* 34, § 2, [Revised Stat. *c.* 45, § 1,] the party must reside in the town the whole of the five years for which he is assessed ; in other words, he must reside there five full years, commencing on the first day of May.

ASSUMPSIT for the amount expended by the plaintiffs for the support of one David Mahan. The only question in the case was whether Mahan had a legal settlement in Marlborough at the time when the support was furnished. On this point it was agreed by the parties, that in 1821, the year when Mahan became of age, he resided in Marlborough ; that he continued to reside there until August 1828, when he was arrested upon a warrant of a magistrate, for an aggravated assault and battery, and committed to gaol in Concord, whence in October he was taken to the gaol in Cambridge and there confined until December 1828 ; that after his release he went to Southborough, where he married in 1829 : that he continued to reside

there from December 1828, until the support was furnished nim ; that during his residence in Marlborough he was assessed, for the year 1823, on estate set at less than £60, and for the five succeeding years, on estate set at £60, in the valuation of estates made by the assessors of the town ; and that he paid all the taxes assessed upon him except that of 1828.

If Mahan gained a settlement in Marlborough, the defendants were to be defaulted ; otherwise the plaintiffs were to be nonsuited.

*J. Davis*, *Merrick* and *Washburn*, contended that the pauper acquired a settlement in Marlborough, under *St.* 1793, *c.* 34, § 2, 5th mode, viz. " any person, &c. having an estate, the principal of which shall be set at sixty pounds, &c. in the valuation of estates made by assessors, and being assessed for the same, to State, county, town or district taxes, for the space of five years successively, in the town or district where he dwells and has his home, shall thereby gain a settlement therein." It is sufficient if the five years of residence include the five assessments, without being entirely coincident with the five years for which the assessments are made. In fact the statute does not require a residence for five years ; for example, if the person comes into the town on the 30th of April, and remains in it four years and three days, he will be assessed for five years and will gain a settlement. *Westbrook* v. *Gorham*, 15 Mass. R. 160 ; *Templeton* v. *Sterling*, ibid. 253.

*Hoar, contrà*, cited *Boston* v. *Wells*, 14 Mass. R. 384 ; *Wakefield* v. *Alton*, 3 N. Hamp. R. 378.

MORTON J. delivered the judgment of the Court. If the pauper gained a settlement in Marlborough, it must have been by the fifth mode prescribed in *St.* 1793, *c.* 34, § 2. He resided in that town more than five years, and was taxed five successive years for estate which he had, which was set " at sixty pounds in the valuation of estates made by assessors." But he left the town before the expiration of the last year in which he was taxed, so that he did not reside in Marlborough for the same five years for which he was assessed. The year for taxation commences on the first day of May. The only question is, whether the five years' residence and the five years' taxation must be coincident. The pauper must be

South-
borough
*v.*
Marlborough.

_____

*Oct. 8th,*
1832.

*April 22d,*
1833.

be taxed " for the space of five years successively in the town where he dwells and has his home." The implication is very strong, that the same period of time must be intended in both cases.

The fourth mode, which, in this respect is perfectly analogous, has received a judicial construction which may aid our inquiry. That requires a residence of three years, and the ownership and pernancy of profits of a freehold for the same time. In *Boston* v. *Wells*, 14 Mass. R. 384, it was decided that the residence and the title to the estate must be for the same three years. We think this cannot be distinguished in principle from the case before us. The same reasoning applies to both and with equal force.

This construction, if originally doubtful, though we think it has the better reasons in its support, should not now be disturbed. In pauper cases it is more important that the rule should be fixed and known, than what it is. The same construction of a similar provision has been adopted in a neighbouring State, *Wakefield* v. *Alton*, 3 N. Hamp. R. 378 ; and we have no disposition to call it in question here. The principle of that case must govern this.

*Plaintiffs nonsuit.*